IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01799-MSK

MOUNTAIN RESORTS, LLC, a Colorado limited liability company,

        Plaintiff,

v.

THOMAS BUSBY,
MARY BUSBY, and
STATE FARM FIRE AND CASUALTY COMPANY, a Colorado authorized insurance company,

        Defendants.

## ORDER REMANDING CASE

THIS MATTER comes before the Court *sua sponte*.

The Plaintiff commenced this action in the Routt County District Court. The Plaintiff is a property management company which incurred unspecified costs due to a fire at a condominium complex it managed. In its Complaint, the Plaintiff seeks reimbursement for amounts it paid and other damages, but does not request any particular dollar amount.

In their Notice of Removal, Defendants Thomas and Mary Busby assert that this Court can exercise jurisdiction based upon diversity pursuant to 28 U.S.C.§ 1332. They contend that the Plaintiff's damages will exceed $75,000 due to the nature and severity of the fire, extensive fire damage throughout the condominium complex, evidence that the total dollar loss for the fire was estimated at $1 million, and the Plaintiff's indication on the state court civil cover sheet that the Colorado simplified procedure does not apply.

There are no allegations in the Complaint or Notice of Removal that the total dollar loss for the fire reflects the Plaintiff's fire-related expenditures, or even approximates what the Plaintiff seeks to recover in this case. Further, any election for simplified procedure in the mandatory Colorado Civil Cover Sheet cannot demonstrate the requisite amount in controversy. *See Baker v. Sears Holding Corp.*, 2007 WL 2908434 (D.Colo. 2007) (slip op.) (copy attached hereto). Thus, there has been an insufficient showing of the requisite amount in controversy to establish diversity jurisdiction.

In addition, the Plaintiff is a limited liability company and neither the Complaint nor the Notice of Removal identify the citizenship of the Plaintiff's members. *See Carden v. Arkoma Associates,* 494 U.S. 185, 195 (1990); *see also GMAC Commercial Credit, LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 828-29 (8th Cir. 2004). Thus, there is also an insufficient showing of diversity. Accordingly, the action must be remanded to the State Court. *See* 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** that this action is **REMANDED** to the Routt County District Court.

Dated this 24th day of September, 2008

                                          **BY THE COURT:**

                                          Marcia S. Krieger
                                          United States District Judge